**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BRANDON WAYNE BYRD,** § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:15-cv-00098-G |
| **CHASE BANK USA, N.A.** § | |
| **D/B/A CHASE,** § | |
| Defendant. § | |

**JOINT STATUS REPORT**

TO THE HONORABLE A. JOE FISH, UNITED STATES DISTRICT JUDGE:

As required by the Status Report Order (Dkt. No. 7), Brandon Wayne Byrd (the "Plaintiff") and Chase Bank USA, N.A. (the "Defendant") submit this Joint Status Report as follows:

**1.   A brief statement of the nature of the case, including the contentions of the parties.**

The Plaintiff is the borrower/mortgagor on a mortgage loan secured by real property in Kaufman, Texas. The Plaintiff received a chapter 7 bankruptcy discharge on November 23, 2010 and did not reaffirm the mortgage in the bankruptcy case. The Plaintiff alleges that the Defendant engaged in collection efforts against him after the bankruptcy discharge by sending mortgage statements, letters, making calls to his mobile telephone, and making credit inquiries on his credit reports. He asserts causes of action for violations of the Fair Credit Reporting Act, violations of the Texas Debt Collection Act, violations of the Telephone Consumer Protection Act, common law invasion of privacy, and violations of the chapter 7 bankruptcy discharge injunction. He seeks to recover actual, statutory, and punitive damages and attorneys' fees and expenses.

The Defendant denies engaging in any collection efforts against the Plaintiff after the bankruptcy discharge, denies that the Plaintiff suffered damages from the conduct alleged, and

assert several affirmative defenses to his causes of action. The Defendant is continuing to investigate the Plaintiff's claims.

**2.     Any challenge to jurisdiction or venue.**

None.

**3.     Any pending motions.**

None.

**4.     Any matters which require a conference with the court.**

None.

**5.     Likelihood that other parties will be joined.**

Plaintiff may seek to join the investor, trust, or GSE that owns the note as a defendant.

**6.     (a) An estimate of the time needed for discovery, with reasons, and (b) a specification of the discovery contemplated.**

a. The parties propose that discovery be completed by February 8, 2016 to give them time to fully explore an early settlement before incurring significant fees and expenses for discovery and then leave adequate time to conduct written discovery, oral depositions, and expert discovery if an early settlement cannot be reached.

b. The Plaintiff contemplates serving written discovery requests followed by depositions of one or more corporate representatives of the Defendant, fact witnesses, and depositions of all testifying experts designated by the Defendant. Plaintiff also will conduct third party discovery on Experian and the current owner of the note. The Defendant contemplates serving written discovery requests on the Plaintiff followed by deposition of the Plaintiff and depositions of any experts designated by the Plaintiff.

7.  **Requested trial date, estimated length of trial, and whether jury has been demanded.**

    The parties propose a trial date anytime available on the Court's calendar in May  2016 and estimate that trial will take three  days.  The Plaintiff has demanded a jury.

8.  **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C.A. § 636(c).**

    The parties will not consent to trial before a United States Magistrate Judge.

9.  **Prospects for settlement, and status of any settlement negotiations.**

    There is a good prospect of settlement in this case.  The undersigned counsel have discussed the factual and legal issues extensively.  The Plaintiff has requested voluntary discovery of certain documents from the Defendant, and the Defendant is evaluating that request and expects to respond in the near future.

10. **What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial) would be most appropriate for resolving this case and when it would be most effective (e.g., before discovery, after limited discovery, at the close of discovery).**

    In light of the ongoing settlement negotiations, the parties do not believe that ADR is advisable at this time.  All parties are represented by experienced counsel.  There has been, and continues to be, open and amicable dialog between counsel concerning all aspects of this case.  The parties do not believe that ADR would facilitate or enhance the chances of settlement at this time.  If ADR is ordered, the parties believe that mediation would be the most appropriate form and would be most effective after the close of discovery.

11. **Any other matters relevant to the status and disposition of this case.**

    None at this time.

Respectfully submitted,

*/s/ James J. Manchee*
JAMES J. MANCHEE
Texas Bar No. 00796988
MANCHEE & MANCHEE, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 Telephone
(972) 233-0713 Facsimile
ATTORNEYS FOR THE PLAINTIFF

and

QUILLING, SELANDER, LOWNDS
　　　WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Kenneth A. Hill*
　　Wm. Lance Lewis
　　State Bar No. 12314560
　　Kenneth A. Hill
　　State Bar No. 09646950
ATTORNEYS FOR THE DEFENDANT

4838-9272-4514, v. 2